UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        CASE NO.    75-80065
                            13-50451
        HON. LAWRENCE P. ZATKOFF

    Plaintiff,

vs.

JAMES W. MONCELLI,

    Defendant.
    _____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 2, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

### I. INTRODUCTION

This matter is before the Court on Defendant's Motion to Restore Civil Rights, which this Court shall treat as a Motion to Expunge Conviction (Docket #2). The legal rule regarding this matter has recently been clearly annunciated by the Sixth Circuit Court of Appeals. Therefore, finding that the determination of the issues will not be aided by oral argument, and pursuant to E.D. Mich. Local R. 7.1(f)(2), this Court ORDERS that Defendant's motion be decided upon the brief submitted, without this Court entertaining oral arguments. For the reasons that follow, Defendant's Motion to Restore Civil Rights/Motion to Expunge Conviction is DENIED.

### II. BACKGROUND

In 1975, Defendant was charged in a multi-count Indictment with the sale of heroin. Later that year, he pled guilty to Count 5 and the remaining ten counts against Defendant were dismissed. Defendant was sentenced to two years imprisonment and three years of parole.

Defendant states that, at the time of his criminal activity:

> I had a drug problem. I no longer engage in that lifestyle and maintain my 12 step program & will be celebrating 28 years May 2, 2013. Please consider my civil right[;] its important to me in becoming a whole person again.

### III. OPINION

In a recent case, the Sixth Circuit Court of Appeals held that a district court does not have jurisdiction to consider a defendant's expungement motion. *See United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010). As such, this Court lacks the authority to review this case on the merits and must deny Defendant's Motion to Restore Civil Rights/Motion to Expunge Conviction.

### IV. CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion to Restore Civil Rights/Motion to Expunge Conviction (Docket #2) is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 2, 2013